## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARTHUR WAYNE WHITE,         :      CIVIL NO. 3:CV-12-0454
               Plaintiff,    :

                         :      (Judge Mariani)

      v.                  :

                         :

ERIC HOLDER, et al.,          :
             Defendants  :

## MEMORANDUM

Plaintiff Arthur Wayne White ("Plaintiff" or "White"), a detainee of the United States

Immigration and Customs Enforcement ("ICE") Office, who currently is confined at the Pike

County Correctional Facility in Lords Valley, Pennsylvania, initiated the above action pro se by

filing a form civil rights Complaint.[1] (Doc. 1.)  Named as Defendants are Attorney General Eric

Holder, ICE, Warden Craig Lowe, and the Department of Homeland Security.  White states that

he is challenging the constitutionality of his continued detention by ICE for a time period

exceeding six (6) months, and he requests that this Court examine the legality of his continued

detention and order his immediate release.

It is well-settled that a habeas corpus petition is the proper mechanism for a prisoner to

---

[1]White completed this Court's form application for leave to proceed in forma pauperis
and authorization form (Docs. 2, 3) and submitted them with his form Complaint.  An
Administrative Order (Doc. 5) therefore was issued at the time of filing on March 13, 2012
directing the warden at White's place of confinement to begin deducting the full $350.00 filing
fee from White's prison trust fund account.  Because the Court will dismiss this action as an
improperly filed civil rights action, the Clerk of Court will be directed to vacate the Administrative
Order and return to White any monies withdrawn pursuant to that Order.

utilize in order to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973); Telford v. Hepting, 990 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In contrast, a civil rights action is the appropriate mechanism for a prisoner to utilize in seeking monetary, declaratory, or injunctive relief for allegedly unconstitutional conduct.

In the instant action, White is not seeking any type of monetary, declaratory, or injunctive relief, but instead seeks only his immediate release, which is a form of habeas relief. In fact, White already has filed a Petition for Writ of Habeas Corpus under the provisions of 28 U.S.C. § 2241 challenging his continued detention by ICE that currently is pending before this Court. See White v. Holder, Civil No. 3:CV-11-2355. Accordingly, we shall grant White's request for in forma pauperis status for the sole purpose of filing this action, and his Complaint will be dismissed.

An appropriate Order follows.

_____
Robert D. Mariani
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARTHUR WAYNE WHITE,      :      CIVIL NO. 3:CV-12-0454
                          Plaintiff,      :

                          :      (Judge Mariani)

          v.              :

                          :

ERIC HOLDER, et al.,      :

                          Defendants  :

## ORDER

**AND NOW,** to wit, this      **DAY OF MARCH, 2012,** for the reasons set forth in the

foregoing Memorandum, **IT IS HEREBY ORDERED** as follows:

1.   The Clerk of Court is directed to **VACATE** the Administrative Order (Doc. 5)

     issued in this case and return any monies to Plaintiff collected pursuant to that

     Order.

2.   Plaintiff's Motion for leave to proceed in forma pauperis (Doc. 2) is **GRANTED** for

     the sole purpose of filing this action.

3.   The Complaint (Doc. 1) is **DISMISSED**.

4.   The Clerk of Court shall **CLOSE** this case.

_____
Robert D. Mariani
United States District Judge